IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR JACKSON, ET AL. : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 18-0785 |
| P/O BRANDON MOORE, ET AL. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                          **AUGUST 27, 2018**

Presently before the Court is Defendants' Second Motion to Dismiss for Failure to State a Claim. (ECF No. 10.) For the following reasons, Defendants' Motion will be granted.

**I.    BACKGROUND**[1]

In this civil rights action, Plaintiffs Victor Jackson and Anthony Jenkins allege constitutional violations committed by Philadelphia police officers and by the City of Philadelphia. The claims relate to the arrest of Plaintiffs on November 15, 2017, outside of a bar on Lancaster Avenue in Philadelphia, Pennsylvania. (Am. Compl. ¶ 11, ECF No. 9.) Defendant Officer Brandon Moore, a police officer for the Philadelphia Police Department, had been conducting surveillance in the nearby area as part of an investigation into narcotics trafficking. (*Id.*) Officer Moore observed Plaintiffs smoking cigarettes outside of the bar. (*Id.* ¶ 13.) He observed another male, Bernard Johnson, walk up to Plaintiffs and slap their hands. (*Id.*) Officer Moore stated that he observed Johnson hand money to Plaintiff Jackson, and observed Jackson hand "unknown objects" to Johnson. (*Id.* ¶¶ 14-15.) After Plaintiffs went back inside the bar, Officer Moore contacted other police officers and informed them of Johnson's last

---

[1] For the purpose of this Motion, the factual allegations in Plaintiff's Amended Complaint are taken as true. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

known location and direction of travel. (*Id.* ¶ 18.) Based on that information, police officers subsequently stopped Johnson and found an empty vial on his person. (*Id.* ¶ 19.)

Plaintiff Jackson and Plaintiff Jenkins were both arrested and charged with conspiracy and possession with intent to sell a controlled substance. (*Id.* ¶ 20.) These charges were subsequently dismissed for lack of evidence. (*Id.* ¶ 30.) Plaintiffs allege that they neither sold nor possessed narcotics during the relevant time period. (*Id.* ¶ 31.)

Plaintiffs assert claims for malicious prosecution, false arrest, and false imprisonment against Defendants. Plaintiffs also assert a *Monell* claim against the City of Philadelphia. (Am. Compl. ¶ 53-68.) Specifically, Plaintiffs contend that the City maintains a policy and custom "of using stop and frisks disproportionately towards minority suspects, who have not been observed committing crimes and based on less than probable cause or a reasonable suspicion." (*Id.* ¶ 56.)

The City of Philadelphia now moves to dismiss Plaintiffs' *Monell* claim. (Defs.' Mot., ECF No. 10.) Plaintiffs filed a Response in Opposition to Defendant's Motion to Dismiss. (Pls.' Resp., ECF No. 12.) Defendant filed a Reply. (Defs.' Reply, ECF No. 13.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id*. at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Defendants seek dismissal of Count Four of the Amended Complaint, which asserts a *Monell* claim against the City of Philadelphia. Plaintiffs invoke 42 U.S.C. § 1983, which creates

3

a cause of action for individuals who are deprived of their constitutional rights by individuals acting under color of state law. Section 1983 also permits liability against municipal actors. However, it is well established that a municipality cannot be held liable in a Section 1983 action under a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006). Rather, Plaintiffs must show that the municipality itself, through the implementation of a policy, custom, or practice, caused the constitutional violation. *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

Defendants contend that Plaintiffs do not allege facts sufficient to support a *Monell* claim because the Amended Complaint "simply parrots the legal standard for *Monell* liability without pleading any actual facts regarding a policy or custom." (Defs.' Mem. 2, ECF No. 10.) Defendants also argue that Plaintiffs fail to state a failure to train theory of liability because the Complaint does not mention any prior instances of police misconduct that were caused by inadequate training. (*Id.*)

### A. Policy or Custom

Courts recognize a "two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (citation omitted). "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir.1990), superseded in part by statute on other grounds (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law," *Bielevicz v. Dubinon*, 915 F.2d

4

845, 850 (3d Cir. 1990) (citing *Andrews*, 895 F.2d at 1480), and "may be established by proof of knowledge and acquiescence," *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989). Plaintiffs do not allege that the City has a formal policy or edict condoning disproportionate application of stop and frisk procedures based on race. Therefore, we focus our consideration on whether Plaintiffs sufficiently allege that the City has adopted a custom of doing so.

In addition to alleging that the City has a custom that deprived them of their constitutional rights, Plaintiffs must also allege that the City (1) "acted deliberately and was the moving force behind the deprivation," and (2) that Plaintiffs' injuries were caused by the identified custom. *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 436 (E.D. Pa. 2015).

In their Amended Complaint, Plaintiffs allege that the City had a custom "created [by] the Chief of Police and supervisors in charge of training, that stop and frisks are tools to use to search people who have not been observed committing a criminal act in an attempt to suppress crime." (Am. Compl. ¶ 55.) Plaintiffs further allege that the City has a custom of "using stop and frisks disproportionately towards minority suspects," and that the City was deliberately indifferent to constitutional violations that resulted from these practices. (*Id*. ¶¶ 56-57.) These allegations are not consistent with the remainder of Plaintiffs' Amended Complaint. According to Plaintiffs' own allegations, they were arrested pursuant to an investigation into narcotics trafficking and not in conjunction with a stop and frisk. In any event, even if the allegations could be construed as involving a stop and frisk or a *Terry* stop, Plaintiffs nevertheless fail to allege facts sufficient to support this claim.[2]

---

[2] "It has long been established, under *Terry v. Ohio*, 392 U.S. 1 (1968), and subsequent cases, that an officer 'may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion' of criminal activity." *United States v. Johnson*, 95 F. App'x 448, 450 (3d Cir. 2004) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).

Defendants contend that Plaintiffs' allegations fall short of a sufficiently-pled *Monell* claim because they consist of nothing more than legal conclusions that parrot the *Monell* standard. We agree. Plaintiffs do not include any facts to support their theory that the City has permitted a custom of using stop and frisks to suppress crime in the absence of reasonable suspicion or probable cause. Nor have Plaintiffs alleged any facts to support a City custom of using stop and frisks disproportionately towards minority suspects.[3] Plaintiffs instead simply repeat the legal requirements for a *Monell* claim without identifying any facts to support the claim. This is not enough. *See Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014) (affirming dismissal of *Monell* claim and stating that "simply paraphrasing § 1983 does not meet Rule 8's pleading requirements because it fails to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." (citations and internal quotation marks omitted)); *Butler v. City of Philadelphia*, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013) (dismissing *Monell* claim where the complaint "is completely devoid of any factual allegations relating to the City or any policy, practice, or custom").

In addition, there are no facts to support the causation requirement of a *Monell* claim. In alleging the existence of a custom, Plaintiffs must include facts showing that the custom was the "moving force" behind the constitutional violation such that there is a direct link between the municipal custom and the deprivation of constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). The Amended Complaint is devoid of facts supporting causation. Instead, Plaintiffs merely parrot the legal standard for *Monell*'s causation requirement. This is insufficient.

---

[3] Despite Plaintiffs' contentions that they were subjected to racially motivated unconstitutional acts, nowhere in the Amended Complaint is the race of Plaintiffs or the Defendant police officers alleged.

B. **Failure to Train**

Similarly, Plaintiffs fail to allege facts sufficient to support a *Monell* claim for failure to train. Failure to train claims are a subset of *Monell* and involve a municipality's failure to train employees under circumstances in which "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Wood*, 568 F. App'x at 105 (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)).

To survive a motion to dismiss a failure-to-train claim, Plaintiffs must show a pattern of unconstitutional behavior. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."); *Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) ("A pattern of similar constitutional violations is typically necessary to demonstrate deliberate indifference for purposes of failure to train.").[4] Here, Plaintiffs allege that "the City of Philadelphia, and its policymakers were aware of similar unlawful conduct in the past . . . [and] failed to take precautions against future violations." (Am. Compl. ¶ 60.) However, such "a blanket reference to 'prior accounts [and] complaints' is 'not sufficient to create a pattern of violations.'" *Buoniconti*, 148 F. Supp. 3d at 443 (quoting *Thomas*, 749 F.3d at 225). Plaintiffs also fail to identify what specific training was

---

[4] In a rare and narrow category of circumstances, a failure to train claim may be established on the basis of a single constitutional violation. *See Connick*, 563 U.S. at 63-64. For a single incident to give rise to a *Monell* claim, the constitutional injury at issue must be a "highly predictable consequence" of the municipality's lack of established policy or failure to train its officers to avoid such injurious conduct. *Thomas v. Cumberland Cty.*, 749 F.3d 217, 225 (3d Cir. 2014) (quoting *Connick*, 563 U.S. at 63-64). Under these this circumstances, "the need for training 'can be said to be so obvious that failure to do so could properly be characterized as deliberate indifference to constitutional rights' even without a pattern of constitutional violations." *Id*.

7

deficient or lacking. *See Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005) (stating that the "identified deficiency in the training program must be closely related to the ultimate constitutional injury") (citation omitted).

Plaintiffs also allege that the City had a prior warning of its unconstitutional behavior in the form of a consent decree entered into between the City and various Plaintiffs in *Bailey v. City of Philadelphia*, Case No. 10-5952 (E.D. Pa.). In *Bailey*, the plaintiffs alleged that the City of Philadelphia and its police department had a policy, practice, and/or custom of stopping, seizing, frisking, and searching individuals without reasonable suspicion or probable cause, and on the basis of race or national origin. The *Bailey* plaintiffs and the City entered into a consent decree in June 2012. Since the time that the consent decree was entered into, the parties have filed regular reports notifying the District Court of measures implemented by the City to address its stop and frisk procedures, and the success of those measures. Plaintiffs' reliance on *Bailey* is misplaced. At best, *Bailey* shows that the City addressed issues raised with respect to its stop and frisk policies in 2012. Plaintiffs have alleged no facts to suggest that after six years since *Bailey* was settled, the City's efforts in accordance with the consent decree have failed. Plaintiffs have not alleged any facts or the existence of any lawsuits since *Bailey* involving similar alleged constitutional issues with the City's stop and frisk policies or practices. Plaintiffs have failed to state a claim based on the City's failure to train its employees. Accordingly, Plaintiffs' *Monell* claim against the City of Philadelphia must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. Count Four of the Amended Complaint will be dismissed.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**